## THE ST. CLAIR COUNTY BENEVOLENT SOCIETY

### *v.*

## SEBASTIAN FIETSAM, Admr.

*Filed at Mt. Vernon February 3, 1881.*

1. PRACTICE—*objection for variance should be specific.* A general objection to an instrument offered in evidence, on the ground of a variance, is not sufficient. The party objecting should point out wherein the variance exists, so as to give an opportunity of obviating the same by amendment.

2. ASSIGNMENT—*policy of insurance.* The writing of directions by the holder on the back of a policy of life insurance, that the sum secured should be distributed among certain beneficiaries, is not an assignment of the policy.

3. EVIDENCE—*parol, to show sum due on policy.* Where a policy of life insurance contains a provision to pay the assured, or his legal representatives, one dollar for every member of the society of the same division or divisions, "at the time of such payment," parol evidence is admissible to show the number of members at the time payment should be made, in order to arrive at the measure of damages.

4. LIFE INSURANCE—*construed with reference to time of payment.* Where, in the body of a policy of life insurance, reference is made to the indorsements

on its back, they may be considered in connection with the policy in determining when the policy is payable, where that is left doubtful in the body of the policy. Where such a policy was indorsed, "Mutual assurance on the life of A B," "Due at the death of members $1," and the body of the policy contained expressions such as, should the assured "come to his death by the hands of the law," or "should die by suicide, or without heirs or assigns," only $50 should be paid, it was *held*, that, taking into consideration these expressions, with the indorsements, the intention was manifest that the policy was to become due on the death of the assured.

Writ of Error to the Appellate Court for the Fourth District;—heard in that court on error to the Circuit Court of St. Clair county; the Hon. Geo. W. Wall, Judge, presiding.

Mr. C. W. Thomas, for the plaintiff in error:

When the plaintiff below sought to introduce in evidence the policy first mentioned in the bill of exceptions, the defendant objected, because there was a variance between it and any policy described in the declaration, but the court below overruled the objection, and permitted the policy to be read to the jury. The policy read contained the following words not to be found in the one set out *in hæc verba* in the first count: "upon him of the death of a member of this society, and the further sum of annually fifty cents, within twenty days after due notice has been served."

It varied from the one set out in the second count yet more widely, and was not intended as proof of the policy there set out.

If a party, in suing upon a policy of insurance or other written instrument, sets out the same *in hæc verba*, he must be strictly accurate. If that offered in evidence is variant, it is error to admit it in evidence, if objected to on that ground. *Franklin Ins. Co.* v. *Smith*, 82 Ill. 131; *Germania Fire Ins. Co.* v. *Lieberman*, 58 id. 117.

The specific and particular objection was made, and the court was advised that counsel insisted that there was a variance between a written instrument offered and the one declared on. It was not necessary to state to the court the

details of the variance in making the objection, because the nature of the objection gave the court full notice of the point made.    It was not a general, but a specific objection.

The court below erred in admitting parol evidence of the number of members of the society, to fix the amount of the recovery.    The policy declares that the amount to be paid is one dollar for each member at the time of collection, and this could not be varied by parol evidence.    The secretary testified that when one failed to pay an assessment, he ceased to be a member, therefore the sums coming to the representatives of those insured differed constantly.    It was fully understood by all the members of the society, that only the amount collected would be paid over.    If the officers failed to make the assessments, they could have been compelled to do so by *mandamus.* When the amount was ascertained by collection, then an action would lie against the society for such sum.    The society is a mere collecting agent, which promises to pay what it gets, and no more.

Mr. William C. Kueffner, for the defendant in error:

The alleged variance was not pointed out in the circuit court, and can not for the first time be sprung in an appellate court.

It appears that in copying the policy set out *in hæc verba* in the first count of the declaration, two lines contained in the policy were, by a clerical error, omitted from the declaration.    It was one of those mistakes which sometimes happen in spite of the utmost care.    When this policy was offered in evidence, the bill of exceptions shows that "the defendant objected to the reading of said instrument in evidence, because there was a variance between it and any one declared on."    This expresses literally everything that was said or done.    No variance was pointed out.    No argument was offered ; and the same objection was repeated when the second policy was introduced.

Was the general objection that "there was a variance," without specifying it, sufficient to save the point?

The authorities are uniformly to the effect that it was not. As the Appellate Court, in its opinion in this case, expresses it: "This objection was altogether too general. The alleged variance should have been specifically pointed out. The court was under no obligation to stop the trial and critically compare the instrument with the several counts, in order to ascertain whether there was any foundation for the objection."

As to the necessity of specifically pointing out objections to evidence, see *Chicago and Alton R. R. Co.* v. *Morgan*, 69 Ill. 492; *Thielman et al.* v. *Carr et al.* 75 id. 385; *Buntain* v. *Bailey*, 27 id. 410; *Clausen et al.* v. *Stone*, 29 id. 115; *McCartney* v. *Shepard*, 21 Mo. 577; *State* v. *Gates*, 20 id. 403; *Anderson* v. *Fry*, 6 Ind. 77; *Camden* v. *Doremus*, 44 U. S. (3 How.) 530; *N. O., J. & G. W. R. R. Co.* v. *Moye, Adm.* 39 Miss. 375; *Haywood* v. *Bath*, 38 N. H. 183.

Oral testimony was properly admitted to show when the insurance moneys were to become due and payable.

The policies were silent on this point, but each count of the declaration contained an allegation to the effect that it was agreed that the money mentioned in the instrument was to become due on the death of Eierkuss, and issue was joined on these counts, hence this evidence was proper. This was no attempt to contradict the policies, but to establish matters on which they were silent.

It is competent for the parties to supply any supposed defect in a written contract by parol testimony. *Donlin* v. *Dœgling et al.* 80 Ill. 608.

Parol evidence may be introduced to establish a fact upon which the written contract is silent. *Ball et al.* v. *Benjamin*, 73 Ill. 39.

When a contract reduced to writing is void, or unintelligible, for any cause, parol evidence may be received to prove the verbal contract. *Moulding et al.* v. *Prussing et al.* 70 Ill. 151.

Where a written agreement is incomplete, and, *per se,* unintelligible, verbal testimony is admissible where it is not inconsistent with the written terms. 1 Greenleaf Ev. secs. 282, 284a; 1 Chitty Cont. 159; *Ruff et al.* v. *Jarrett,* 94 Ill. 475; 1 Parsons Cont. 430; 2 Phillips Ev. 670; *Tredell* v. *Harris,* 20 Pick. 12; *Hume* v. *Hardeman,* 1 Foster, 224; *Morgan* v. *Griffith,* L. R. 6 Exch. 76.

The company insists that no recovery can be had under the policies actually introduced in evidence.

Contracts should be so construed as to give effect to the intention of the parties, and where that intention is sufficiently apparent, effect should be given to it, even though violence be thereby done to its words; for greater regard is to be had to the clear intent of the parties, than to any particular words they may have used in the expression of their intent. *Walker et al.* v. *Douglas et al.* 70 Ill. 445; 1 Chitty on Cont. (4 Am. ed.) 104–5.

The language which the parties have seen fit to employ, though awkward, will be construed by the court by a careful consideration of the whole instrument, and in the light of surrounding circumstances. *Boskowitz* v. *Baker,* 74 Ill. 264.

If the underwriters have left their design or object doubtful by the use of obscure language, the construction ought to be, and will be, most unfavorable to them. *Aurora Ins. Co.* v. *Eddy,* 49 Ill. 108.

Mr. Justice Scott delivered the opinion of the Court:

This action was brought by the administrator of Christian Eierkuss, deceased, against the St. Clair County Benevolent Society, on two certificates of membership issued to decedent by the defendant society. The one declared on in the first count of the declaration constituted deceased a member of division No. 1, and that mentioned in the second count, a member of division No. 2 of the society. Whether they are called "certificates of membership" or "policies of insurance" is a matter of no consequence.

Each certificate contained the following provision, viz: "The St. Clair County Benevolent Society, in consideration of the representations made to it in the application for membership, and the sum of $2.50, to it in hand paid by Christian Eierkuss, * * * and the sum of $1, to be paid by the said Christian Eierkuss, within twenty days after due notice has been served upon him, of the death of a member of the society, and the further sum of 50 cents within twenty days after due notice has been served at the beginning of each year of membership, do promise and agree to and with the said Christian Eierkuss, self, (see back of policy), or the legal representatives of the said Christian Eierkuss, self, and proof of interest, of assignment, or held as security, the sum of $1 for every person, member of the society and of the same division or divisions at the time of such payment."

By the second clause of the certificate or policy, it is made null and of no effect upon the failure of the assured to pay all assessments provided for, and in case he should, without the consent of the society previously obtained in writing, engage in any military or naval service, or engage in mining. A third clause declares it is understood and agreed, if the assured should come to his death by the hands of the law, $50 and no more, if so much shall be collected, shall be paid to his heirs, executors or assigns, and if he should die by suicide, or without heirs or assigns, $50, if so much shall be collected, shall be paid towards the funeral of the assured. On the back of the certificates, among others, were indorsements, showing what disposition assured desired might be made of the money when collected, and also the following: "Mutual insurance on the life of Christian Eierkuss." "Due at death of members, $1." "Date, May 8, 1876."

In each count of the declaration, one of the certificates is set out in hœc verba, with appropriate averments as to the death of the assured, the payment of all assessments by him, and negativing everything the happening of which would make the policy null and of no effect. It will be observed, the

body of the policy is silent as to when the sum agreed to be paid by the society is payable, but it is averred in the declaration, it "was to become due and payable" at the death of the assured. It is not questioned that notice of the death of the assured was given in due time, and that he had paid all assessments made against him in his lifetime. Oral proof was made it was understood the sum secured by the policy was payable at the death of the assured, and also of the number of members of each division of which decedent himself was a member. The jury found a verdict for $1285, which was $1 for each member of the two divisions at the time of the death of assured, upon which the court rendered judgment. The Appellate Court affirmed that judgment, and now the society bring the case to this court on error.

In the first count the pleader undertook to set out *in hæc verba* the certificate of membership in division No. 1 issued to decedent, and an objection is taken, there was a variance between the certificate offered in evidence and the one contained in the declaration. It is a sufficient answer to say, no variance between the proof and the declaration in this respect was called to the attention of the circuit court when the instrument sued on was offered in evidence. A general objection was taken, there was a variance. That is not sufficient. The party objecting should have pointed out wherein the variance existed. Had that been done, under our Practice act an amendment could have been instantly made that would have avoided the objection, so that the trial could have proceeded on such terms as the court might have seen fit to impose.

Nor is there any force in the objection, the policies had been assigned by the assured. Such is not the case. Directions were written on the back of each policy, that the sum secured should be distributed among certain beneficiaries named, and that was all that was done. There was no assignment of either policy to any one.

It will be observed the policy contained a provision, the society would pay assured or his legal representatives $1 for every person a member of the society and of the same division or divisions "at the time of such payment." Parol evidence was admitted to show the number of members at the time such payment should be made, in order to arrive at the measure of damages. That decision was clearly correct. Such evidence is admissible for that purpose, otherwise there would be no mode of ascertaining the sum recoverable under the policy.

The question of most seeming difficulty is, when did the sum secured by the policy become payable. It is averred in the declaration, it was to become due and payable on the death of the assured. The effect of the objection taken is, that the ambiguity that may exist in the contracts or policies can not be helped either by averment or parol evidence. That objection need not be discussed.

But construing the body of the policy with the indorsements on the back, to which reference is made, it is plain the instrument is set out according to its legal effect in the declaration. Disregarding all parol testimony, the indorsements on the back of the policy, which are referred to in the body of the instrument, indicate unmistakably the policy was to become due and payable at the death of the assured. Such expressions, "mutual assurance on the life of Christian Eierkuss," "due at the death of members, $1," are meaningless unless they indicate the parties understood the sum secured was to become payable at the death of members. Expressions in the body of the policy induce the same belief. Such as, should the assured " come to his death by the hands of the law," or "should die by suicide, or without heirs or assigns," and reading the body of the instrument in connection with its indorsements, the legal effect is, the policy is payable at the death of the party insured.

The agreement of defendant was absolute, to pay the legal representatives of the assured $1 for every member of each

division of which he was himself a member at "the time of such payment," and that, as we have seen, is at the death of the assured. The exception, "if so much be collected," has reference only to the sum of $50, to be paid on the happening of certain contingencies which never did occur to the assured in this case. The damages found are, therefore, such as arise from the contract.

It must be admitted these "certificates of membership," or policies, are inartistically framed, and that some of the clauses contained in them would be nearly or quite unintelligible if separated from the context and attendant circumstances. But they ought not, for that reason, to be declared of no binding obligation. With the aid of parol testimony, that in no manner contradicts, varies or adds to the terms employed, and reading the policies with the indorsements thereon, which is authorized by the reference made to them, their meaning is made sufficiently definite. It is made to appear the assured complied with the conditions of the policies in every particular, and it is but just defendant should be compelled to perform the conditions to be observed on its part as the parties understood them when they made their contracts.

The judgment will be affirmed.

*Judgment affirmed.*