Miner v. Reed.

DARWIN C. MINER, FOR USE, ETC.,

V.

DAVIDSON REED ET AL.

*Action on Replevin Bond—Parties—Former Adjudication—Minority of Principal—Suggestion on Record—Practice in Justice Court—Fraud—Judgment—Impeachment Collaterally—Appeal—Rehearing—Practice.*

1. In an action on a replevin bond, it is *held:* That a record showing a judgment for the defendants in a former suit, brought by the plaintiff upon the same bond against the sureties only, was competent to sustain a plea of former adjudication in an action against all the obligors, as it appears from said record that the principal was omitted because a minor; that on appeal from the Justice the suggestion of the minority of the principal on the record was the proper practice; and that a replication to the plea of a former adjudication does not set out such a case of fraud on the part of the defendants as would be sufficient to avoid the judgment in question.

2. In suits before Justices, and on appeal from their judgments, no writ-

ten pleadings being required, effect is given to all evidence that would be admissible in a court of record under any proper pleadings.

3. An objection based upon an alleged variance between the pleadings and proofs, can not be first raised in this court.

[Opinion filed June 25, 1887.]

IN ERROR to the Circuit Court of Jersey County; the Hon. G. W. HERDMAN, Judge, presiding.

Mr. JOSEPH S. CARR, for plaintiff in error.

Messrs. HAMILTON & SLATEN, for defendants in error.

PLEASANTS, J. This action was brought on a replevin bond given by defendants in error to Miner, the Constable, who executed the writ in the suit of Reed against Wiggins. The breach assigned was, that though Wiggins had judgment for a return of the property it was not returned, but was eloigned by Reed and converted to his own use. There were several issues joined, but the defense was successfully made below upon the plea of a former adjudication. The court instructed the jury to find for the defendants, refused a new trial and entered judgment upon the verdict so found, on which plaintiff sued out this writ of error.

From the records, files and evidence introduced under the plea mentioned, it appears that the plaintiff in error had brought suit upon this same bond against the sureties only, Dowdall and Darby, before a Justice of the Peace, in which the Circuit Court, on appeal, at first admitted the bond, but afterward, upon evidence that certain erasures and interlineations (not properly shown by this record) were made after its execution, withdrew it, whereupon plaintiff got leave to amend his writ by striking out the words, "Darwin C. Miner, who sues for the use of," and then offered it as a spoliated bond (whatever may be meant by such an offer), but it was again excluded by the court and a verdict was returned for the defendants, on which judgment was duly entered.

The plea of former adjudication, with the others, was filed

Miner v. Reed.

in the case under the title of "Darwin C. Miner, who sues for the use of John Wiggins, v. William L. Dowdall and John C. Darby," and averred that "the plaintiff" heretofore impleaded "the defendants," etc., and that the suit was upon the same bond in the declaration mentioned and for no other cause of action whatever.

A demurrer to this plea having been overruled, plaintiff replied, 1, *nul tiel record*, and 2, a traverse of the alleged identity of the cause of action, on which issues were joined. Upon the trial of these he objected to the records and files in the former suit, when offered by defendants in connection with oral testimony to the identity of the bond, but the court admitted them.

The ground 'of objection here urged is alleged variance between the allegations and proofs, both as to parties and cause of action, but this can not avail him because it was not specifically brought to the attention of the court below, according to the rule declared in St. Clair Co. Ben. Soc. v. Fietsam, 97 Ill. 474, 480, and other cases. The general objection, however, does raise what we regard as the only question of importance presented by this record, namely, its competency.

Treating the plea as a good plea of a former judgment, in bar, we are of opinion these records and files were not competent evidence upon the issue on trial. They showed that the suit was brought before a Justice of the Peace and without written pleadings, but that it was against Dowdall and Darby only, on a joint and several bond executed by them and Reed. The pleading, in such a case, being determined by the evidence, it is as if plaintiff had declared on the bond offered, alleging its execution by Reed also, but showing no reason why he was not joined as a defendant. The pleading, therefore, did not state a case on which he could lawfully have judgment against the defendants, and the defect was such as could be reached by a motion in arrest, as well as by demurrer, or on error. A plea of non-joinder in abatement was not necessary. Cummings v. People, 50 Ill. 132, and cases there cited.

And since a judgment for the plaintiff could not have been lawfully rendered because of such defect in the pleading, whatever may have been the proof, the judgment for defendants is not a bar to another action upon the same bond with proper parties and allegations. Smalley v. Edry, 19 Ill. 207.

The fact that plaintiff had no legal cause of action against the two sued, and it was so adjudged, would have no tendency to prove that he had none upon the same instrument against one or all three of the obligors. That is all this evidence proved, all that the judgment could prove, and what the court ruled in reference to erasures or interlineations in the bond, or upon other interlocutory questions arising on the trial, is not *res adjudicata*. It was therefore error to admit this evidence.

In this view it is unnecessary to pass upon the sufficiency of the third replication to said plea, setting up fraud in procuring the judgment referred to.

For the error indicated the judgment of the Circuit Court herein is reversed and the cause remanded.

*Reversed and remanded.*

*On petition for rehearing.*

[Opinion filed June 25, 1887.]

PLEASANTS, P. J.  Upon petition by defendants in error for rehearing, our attention is called to a fact appearing in the record introduced to sustain the plea of former adjudication, but somehow overlooked, which is decisive against the conclusion we formerly reached.

We held that record incompetent for the reason stated— that it showed a judgment for the defendants in a suit brought by plaintiff in error against Dowdall and Darby only, upon this same bond, which is executed by Reed also, without showing any reason why he was not joined. Such a judgment, without such reason, would be no bar to another action against all the joint obligors.

We adhere to that opinion notwithstanding the argument

presented in this petition. Our position was that without anything in the record or other evidence to show that Reed was an infant, it could not be presumed he was, or that plaintiff claimed he was, and therefore omitted him. In other words, the claim would not be presumed to have been broader than the case as presented by him. It is true that in suits before Justices of the Peace, and on appeal from their judgments, no written pleadings being required, effect will be given to all evidence that would be admissible in a court of record under any proper pleadings. But if evidence for the plaintiff is wanting the court could not properly find or adjudge as if it had been presented, nor could any possible pleading on his side supply the defect.

We supposed that such was the case here, but in this, it appears, we were mistaken. The record offered and admitted shows the following minute entered by the court before the trial: " Minority of the principal in the bond sued upon, Davidson Reed, suggested." This, we think, was proper practice in such a case (1 Ch. Pl. 43) and made the record competent evidence of a former adjudication.

It thus becomes necessary to pass upon the sufficiency of the third replication to that plea, to which a demurrer was sustained and which is as follows: " And the plaintiffs, for further replication to the plea of the defendants by them thirdly above pleaded, say, plaintiffs *precludi non*, because they say that upon the trial of said cause in said Circuit Court of Jersey County, Illinois, when and wherein the judgment mentioned and set forth in and by said plea was by said court rendered, said defendants well knowing the truth in that behalf and that to maintain their issues therein, the plaintiffs therein and herein would be required to aver and maintain the validity and due and proper execution of the writing obligatory herein sued on, and mentioned and set forth in and by plaintiffs' declaration herein filed, with intent to defraud, the then and now plaintiffs did, upon said trial, produce and cause to be sworn and examined therein witnesses who testified that certain erasures and interlineations, then and now appearing upon the face of said writing obligatory, were therein and

thereon made after the signing of said writing obligatory, by means of which testimony they, the defendants, then and there upon the said trial, procured an order of said court to be made whereby said writing obligatory was excluded from the consideration of the jury, when in truth and in fact the defendants then and there well knew that such erasures and interlineations so then and now appearing, viz., on the face of said writing obligatory, was not and were not made after the signing of the same by the defendants, but was made and were made theretofore, and the plaintiffs aver that by reason thereof and for none other, said judgment was rendered, and so the plaintiffs say that by means of the premises aforesaid the said defendants did then and there by their fraud, obtain and procure the said judgment to be entered in and by said court, wherefore they pray judgment if," etc.

If a judgment may be collaterally impeached for fraud of the party in obtaining it, as we incline to think it may, we are of opinion that this replication does not set forth such a case of fraud on the part of the defendants as would be sufficient to avoid the judgment here in question. It does not aver or imply that the witnesses referred to were corrupt, much less that they were corrupted by the defendants, nor even that the defendants knew, when the witnesses were introduced, just how they would testify. It must be presumed they were honest. They must have testified from personal knowledge, according to their best recollection, and been subjected to the usual and proper tests. It does not appear how the defendants could know or why they should recollect the facts any better, but if they did, and believed they did, and their recollection was different, still they were not bound to contradict these witnesses nor to decline the benefit of their honest testimony.

We think the replication was bad in substance, and perceiving no material error in the record the judgment will be affirmed.

*Judgment affirmed.*