# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FOURTH DISTRICT—FEBRUARY TERM, 1887.

### MARTIN LYNCH, ADMINISTRATOR,

v.

### EUGENE EIMER.

24 185
97 ²342

*Administration—Employment—Term of Service—Rate per Annum—*
*Contract—Instruction—Question for Jury.*

1. Where an employment is at a certain sum per annum, such sum may only be the rate of compensation agreed upon for the time served and not a specification of any particular term of service.

2. Upon appeal from a judgment allowing a claim against an estate, it is *held:* That an instruction in which it was assumed that an employment for $900 per annum constituted a contract for an entire year, and that a continuance of the employment was governed by such contract, was calculated to mislead the jury; that said instruction also erroneously assumed a first contract for a year; that the jury might consider the original contract in ascertaining what the terms of the new agreement were under which the service was continued; that the claimant can not recover for a wrongful dismissal until he has proved a contract for a definite period; and that an objection based on a variance can not be first raised in this court.

[Opinion filed September 10, 1887.]

APPEAL from the Circuit Court of St. Clair County; the Hon. AMOS WATTS, Judge, presiding.

The appellee filed his claim in the County Court against the

(185)

estate of B. F. Switzer, deceased, in which he claimed to recover for one year's salary as book-keeper at $900, less a credit of $311.25 admitted to have been paid.

His claim being allowed, the administrator prayed and obtained an appeal to the Circuit Court, where, before the court and a jury, he was again defeated, and he brings the case to this court.

Messrs. TURNER & HOLDER, for appellant.

Mr. E. L. THOMAS, for appellee.

PILLSBURY, J.   It appears from the evidence that the claim of the appellee is not for a year's salary earned in the employ of decedent, but arises from the fact claimed by him to exist, that he was employed for a year and was discharged without cause before the expiration of his term of service.

The appellee went to work for Switzer on April 2, 1882, and continued in his employ until August 8, 1885, when he was discharged.

The only evidence in the record bearing upon the question of an annual hiring for the entire ensuing year is the testimony of John Eimer, the father of the appellee, and certain entries in the books of Switzer claimed to have been made under his direction or approval.

The substance of Eimer's testimony is that Switzer saw him and asked him if he could get Eugene (the appellee) to keep his books; that if he was not mistaken Switzer said he was paying $1,000 a year and would like to reduce expenses a little, but he was willing to pay Eugene $900 per annum; was never present when they made a contract and don't know what their contract was.

The entries in the books relied upon show charges against Eugene for money received as salary.

These entries are alike except as to amounts and time of payment, one of which we give:

Expense Account:

Eugene Eimer, salary from June 1st to August 1, 1885, at the rate of $900 per annum, $150.

In this condition of the evidence the court gave to the jury on behalf of the appellee, the following instruction:

" The court instructs the jury that if they believe from the evidence that Switzer in his lifetime employed Eimer for $900 per annum, and that he began work on April 2, 1882, and continued to work under the same terms without any change, then the first contract governs, and if a new year was commenced the contract would be continued for that year under the same terms as the first year's employment, unless the jury believe from the evidence that a new contract was entered into."

This instruction was calculated to mislead the jury and should not have been given. It assumes that an employment for $900 per annum constitutes a contract for the entire year and if the employment was continued this first contract governs, etc. Again it assumes a *first* contract for a year, when the question should have been left to the jury to determine whether there was in fact a contract for a year.

Before the appellee can recover for a wrongful dismissal he must prove a contract for a definite period, as no presumption arises that a hiring for an indefinite time is a hiring for a year.

It does not necessarily follow that the amount of $900 per annum as testified to by Eimer, or the entries upon the books, amount to conclusive proof that there was a hiring for an entire year in the first instance.

It may have been but a rate of compensation agreed upon for the time served and not a specification of any particular time agreed upon, as was said in Pfund v. Zimmerman, 29 Ill. 269, and also held in Haney v. Calwell, 35 Ark. 156. This evidence taken in connection with the other circumstances connected with the service may be proper for the consideration of the jury in determining what the real contract was between the parties, but do not of themselves make the contract for a definite time.

From all the evidence the jury are to ascertain what was the agreement between the parties, as it is evident that their relation existed by virtue of some kind of a contract.

The original contract did not, and could not, under the

Statute of Frauds, extend into a second year, but it may be considered by the jury in ascertaining what the terms of the new agreement were under which the service was continued for the last year, or the part served before the dismissal. Tatterson v. Suffolk Man'f'g Co., 106 Mass. 56.

. Regarding the point made that there is a variance between the claim filed and the proof, in this, that the claim is for a year's salary, and the proof shows that evidence of a wrongful dismissal is the basis of the action, it may be said no objection was interposed in the court below to the introduction of the evidence upon that ground, thus affording an opportunity to the claimant to amend his claim, and in such case the point now made for the first time must be treated as waived.

For the error of the court in giving the instruction for appellee, the judgment will be reversed and the cause remanded.

*Judgment reversed.*