## GEORGE H. ROZET
### v.
## MATTHEW HARVEY.

*Negotiable Instruments—Notes—Plea of Bankruptcy—New Promise—Variance—Practice—Conflict of Evidence.*

1. In an action on a promissory note a plea setting up a discharge in bankruptcy admits the averments of the declaration, and the question of variance between the declaration and the note, read in evidence, is not presented.

2. The question whether there is such a variance can not be first raised in this court.

3. In an action on a note by the payee, indorsements may be disregarded in describing the note.

[Opinion filed May 6, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. EARL B. SMITH, for appellant.

Mr. HENRY HUDSON, for appellee.

BAILEY, J. This was a suit in assumpsit, brought by Matthew Harvey against George H. Rozet, to recover the amount due upon two promissory notes executed by the defendant to the plaintiff. The defendant pleaded a discharge in bankruptcy, and the plaintiff replied, alleging a new promise subsequent to said discharge. The cause being tried by the court, without a jury, the issues were found for the plaintiff, and the plaintiff's damages assessed at $228.02, and for that sum and costs the plaintiff had judgment.

It is urged that the judgment should be reversed on account of a variance between the declaration and the promissory notes read in evidence. This point is not well taken. No plea of non-assumpsit was filed, the only plea being the one

sett'ng up defendant's discharge in bankruptcy. It thus appears that the averments of the declaration were admitted. Again, the variance, if such there was, should have been pointed out at the trial, but no objection of that character was raised in the court below. The only variance now pointed out is this: The notes read in evidence appear to be indorsed in blank by the plaintiff, the payee, and also by a third party, while the declaration, in describing the notes, makes no allusion to such indorsements. This constitutes no variance. The notes themselves are properly described in the declaration, and being in the hands of the payee, a blank indorsement by him or a third party can have no effect upon the payee's title to the notes, and in no way affects his rights. In this suit such indorsements are to be entirely disregarded.

No question of law was raised at the trial. The only question presented to or decided by the court below was one of fact, viz., whether the defendant, subsequent to his discharge in bankruptcy, promised the plaintiff to pay him the indebtedness evidenced by said notes. Upon this issue the evidence, though somewhat conflicting, was, in our opinion, sufficient to justify the court in finding for the plaintiff. There being, therefore, no error in the record, the judgment will be affirmed.

*Judgment affirmed.*