## THE PROBST CONSTRUCTION COMPANY OF CHICAGO

### *v.*

## MAURICE FOLEY.

*Filed at Ottawa April 3, 1897.*

1. VARIANCE—*objection to evidence for variance must be made specifically in trial court.*  A defendant moving for a peremptory instruction on the ground of variance between the allegation and the proof must point out specifically in what the alleged variance consists, and his failure to do so at trial will be deemed, on appeal, a waiver of the objection.

2. LAW AND FACT—*question of the sufficiency of evidence is one of fact.*  Whether the evidence is sufficient to prove plaintiff's case is a question of fact for the jury, and one which is conclusively settled, in suits at law, by the judgment of the Appellate Court.

*Probst Construction Co.* v. *Foley*, 63 Ill. App. 494, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

This is an action on the case, brought in the circuit court of Cook county by appellee, against appellant, to recover damages for personal injuries. The trial resulted in a verdict and judgment in favor of appellee for $5000. Said judgment was affirmed by the Appellate Court.

The appellant was engaged in the contracting and construction business, and had charge of the erection of the Schiller Theater building, at 103 Randolph street, in the city of Chicago. Appellee was in its employ as a common laborer, and on May 20, 1892, was injured by falling through the roof of the building, then in course of construction, and down to the next floor below. At the time the accident happened appellee was wheeling concrete on the roof. This material was mixed in the basement and placed in barrows, which were brought up on an elevator to the roof. There was a runway constructed of two-inch planks, extending from the elevator diagonally across the

| | |
|---|---|
| 166 | 31 |
| 71a | 425 |
| 71a | 458 |
| 72a | 409 |
| 166 | 31 |
| 74a | 425 |
| 76a | 379 |
| 166 | 31 |
| 177 | 181 |
| 166 | 31 |
| 180 | 118 |
| 166 | 31 |
| 181 | 459 |
| 166 | 31 |
| 208 | 1 21 |
| 208 | 1523 |
| 166 | 31 |
| 211 | 1594 |
| 166 | 31 |
| 114a | 1 24 |

roof, and it was the duty of appellee to wheel the barrows over this runway and dump the same, to be spread by other parties as a top dressing. In constructing the roof, iron beams, six inches deep and weighing eighteen pounds to the lineal foot, were placed in position. The distance between these I-beams was six feet six inches from center to center. The space between the beams was filled in with cement, which was placed in position as follows: Wooden moulds, called "centers," were put between the beams, resting upon the bottom flanges of the beams. These centers were arch-shaped, the upper surface being convex. After the centers were placed in position the whole space between the beams, above the mould, was filled in with cement, the upper surface of which was made level and nearly even with the tops of the beams, and on this, after it became dry, was placed a top dressing, which made the top of the roof level and smooth. After the moulds were removed from beneath, the underside, between each pair of beams, would be a cement arch running the whole length of the beams. These moulds were placed there to give the cement the arch-shape on the underside, and, after the cement was put in, they were left in position several days, until the cement hardened enough to remain set, and then they were removed to allow the water to drain out of the cement, and to allow the air to get at the underside, so as to dry the arch.

The declaration consists of two counts. In the first it is charged that the defendant "negligently and carelessly failed to provide proper supports to sustain said roof, and while this plaintiff was upon said roof, as aforesaid, and in the exercise of due care on his part, and without knowledge that said roof was not properly supported, said roof fell." The second count charges that the defendant "negligently and carelessly failed to provide supports or props or stays to support said roof, and did direct this plaintiff to go upon said roof when it knew, or might have known by the exercise of ordinary care

and prudence, that the support of said roof was wholly insufficient, on account of which   *  *  *   said roof, or a portion of said roof in and upon which plaintiff was then and there wheeling concrete, fell."

KEEP & CROSS, for appellant.

WILCOX & GETTYS, and BRANDT & HOFFMAN, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

At the close of plaintiff's case the defendant moved the court to instruct the jury to find for the defendant, on the ground of a variance between the pleadings and evidence, and that the evidence introduced did not prove or tend to prove a cause of action against the defendant. The overruling of said motion is assigned for error. In order to raise the question of variance it was necessary for the defendant to indicate specifically the variance and point out in what it consisted, so as to enable the court to pass upon the question intelligently, and also to enable the plaintiff to so amend his pleading as to make it conform to the evidence. The defendant not having done this, but having charged a variance only in general terms, the objection must be considered as waived, and the question of variance cannot be raised here. *St. Clair County Benev. Society* v. *Fietsam,* 97 Ill. 474; *Lake Shore and Michigan Southern Railway Co.* v. *Ward,* 135 id. 511; *Richelieu Hotel Co.* v. *Military Encampment Co.* 140 id. 248; *Murchie* v. *Peck Bros. & Co.* 160 id. 175; *Swift & Co.* v. *Madden,* 165 id. 41.

There was evidence that several of the arches of the roof, among them the one that gave way with the plaintiff, were improperly supported. This tended to prove the averment that the roof was not properly supported. A careful examination of the record satisfies us there was sufficient evidence to go to the jury upon the questions both of the negligence of the defendant and due care on the part of the plaintiff. Whether or not the evidence

was sufficient to actually prove the case stated in the declaration is another question, and one which we can not review. That was a question of fact for the jury to determine, and having found a verdict for the plaintiff, and the judgment entered thereon having been affirmed by the Appellate Court, the facts in the case are settled adversely to the defendant. It follows that there was no error in overruling said motion.

Complaint is made of the conduct of plaintiff's counsel at the trial. While such conduct was improper and not to be approved of, still it was not of a sufficiently serious character to justify a reversal of the judgment.

We find no error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*