## Marvin P. Alford, Adm'r, v. Henry Dannenberg.

1. CONTRIBUTORY NEGLIGENCE—*A Question of Fact.*—The question as to whether a person suing for personal injuries was guilty of contributory negligence is one of fact for the determination of the jury in this case.

2. VARIANCE—*When to be Raised.*—The question of variance can not be raised for the first time in the Appellate Court.

3. FELLOW-SERVANTS—*Who Are, a Question of Fact.*—The question as to whether two servants in the employ of a common master are fellow-servants is one of fact for the determination of a jury in this case.

4. DAMAGES—*$2,000 Not Excessive.*—Plaintiff was injured by the falling of a truss upon which he was working. He was confined to his house twenty weeks and afterward was sick ten weeks more; the year following was twenty-one days in a hospital; suffers pain every day; has

Alford v. Dannenberg.

expended $400 for doctor's bills; was never sick before the accident: one physician testified he thought the injuries permanent.    *Held*, $2,000 not excessive.

**Trespass on the Case,** for personal injuries.    Trial in the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.    Verdict and judgment for plaintiff, $2,000.    Appeal by defendant.    Heard in this court at the March term, 1898.    Affirmed.    Opinion filed May 9, 1898.

FRANK S. WEIGLEY, attorney for appellant.

MUNN & MAPLEDORAM, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee brought suit to recover for injuries sustained by him while working as a carpenter on a shed building, in course of construction for the firm of William Wilkins & Co., near 43d and Robey streets, Chicago, the suit being against the administrator of the estate of Louis Wilkins, deceased, who was in his lifetime, and when the injury occurred, a member of said firm.    He recovered a verdict and judgment for $2,000, from which this appeal was taken.

Appellant claims that appellee's own negligence was the immediate cause of his injury; that the negligence alleged was not proven, and that the negligence, if any proven, was that of appellee's fellow-servant, and therefore there could be no recovery.

Francis F. Bruns, the manager of Wilkins & Co., contracted with Herman Schroeder, a carpenter and contractor, in May, 1892, to build an addition to a shed at the factory of Wilkins & Co.    Appellee, who is also a carpenter, assisted Schroeder at the work.    They used a wooden trestle or horse about the work, which had been made by Schroeder by sawing in half one he had used when working for the firm, building a shed some six months before the time of the accident.    The horse was about five feet high and six feet long, made 2 x 6 legs, four feet apart at the bottom, and the top piece 4 x 4, with a board about ten inches wide on top of it, and face boards nailed on the side.    Just before the accident Schroeder and appellee were using this horse,

which stood on the shed floor about six inches from the north edge, in nailing a 2 x 8 plate on top of a post. The wind was blowing hard, and Schroeder held the horse while appellee was nailing the plate. The horse had fallen down two hours before that day.

One Schwartz, who had general charge of a large number of men in the employ of, and of the business and property generally of the firm, while Schroeder and appellee were engaged as stated, called Schroeder and directed him to go to a telephone some distance away to send a message regarding some lumber. Appellee testified that he thereupon asked Schwartz who would hold the truss (the horse), and told him, " I can not work on it if nobody is holding it," and that Schwartz replied, " Best can hold it," referring to a man who was at work for the firm nailing the floor; that Schroeder then called to Best to come and hold the truss until he, Schroeder, came back; that Best came and held the horse while appellee went on with his work, and Schroeder went away; that about two minutes later Schwartz, when standing beside Best, told Best to go and assist another workman, Stohl, in some other work; that Best went away and appellee continued his work, thinking Schwartz was holding the horse, and while he was laying the plate up, nailing it and marking the joist on it, the horse fell and he was injured. When he fell he discovered that Schwartz had stepped away and was some twenty feet from the horse.

Schwartz denies that he gave Schroeder or Best any such orders or directions as testified by appellee, or any directions whatever; says that he was fifty to sixty feet away out of sight of the horse, and did not see the accident, but admits that he was close to the truss where appellee was working some twenty minutes before, and saw Best nailing the floor, also that Schroeder went to the telephone. No other witnesses testify to the immediate facts of the accident, but Schroeder swears that Schwartz gave him the direction to go to the telephone, and said that Best could hold the truss, and that when he, Schroeder, left, Best was holding the truss. We therefore think that

Alford v. Dannenberg.

whether appellee was guilty of contributory negligence was a question for the jury, and that the evidence justifies a finding that he was not.

As to whether the negligence alleged was proven, we need not now consider, as the appellant did not, before the trial court, so far as appears by the abstract, raise that question. It is too late to claim in this court, for the first time, that there was a variance. Ry. Co. v. Ward, 135 Ill. 511–16; Probst Const'n Co. v. Foley, 166 Ill. 31.

There was a conflict in the evidence as to whether appellee was employed by Schroeder or by Wilkins & Co., but we think that it justified a finding by the jury that appellee was employed by the firm, and not by Schroeder; and as to whether Schwartz, who was in general charge of the firm's men and business at the time of the accident, was a fellow servant of appellee, was a question for the jury, and the evidence, in our opinion, is sufficient to establish that they were not fellow-servants.

It is suggested, but not argued, that the damages are excessive, but we think this contention is not tenable. Appellee was confined to his house immediately following the injury for fourteen weeks. When he got out he was taken worse and was again confined to his house six weeks more, and in 1893 was sick ten weeks on account of the injury, as he says, and in 1894 was twenty-one days in a hospital, also on account of the injury, and following that was confined to his house eight weeks more. He says he suffers terrible pain right over his kidneys as soon as he works, and can now (time of the trial) do only a little light work ; that his back bothers him in the daytime, and keeps him awake a good many nights if he sits up after 7 p. m.; that he has endured much pain from the injury, suffers pain every day when the weather is bad, has expended nearly $400 for doctor's bills and medicines on account of the injury, and was never sick before the accident.

A physician who treated him and visited him forty or fifty times, testified that he thinks appellee's injuries are permanent.

The judgment is affirmed.