## THE CITY OF JOLIET

### *v.*

## MARGARETH JOHNSON.

*Opinion filed December 21, 1898.*

1. VARIANCE—*in action for tort, strict proof of every allegation is not necessary.* In an action for tort it is not necessary that every allegation of matters of substance shall be strictly proven, and if the averment of negligence is divisible, plaintiff may prove part of his charge without violating the rule as to variance.

2. SAME—*objection of variance should be specifically made when evidence is offered.* An objection of variance between the allegation and proof, not specifically made when the alleged objectionable evidence is offered or made the basis of a motion to exclude, is waived.

3. SAME—*general objection of variance is not sufficient.* An objection of variance must be sufficiently specific to show in what the alleged variance consists.

4. PLEADING—*action for personal injury—pleadings need not give details of wound.* A declaration in an action for personal injury need not detail all the characteristics and consequences of the wound.

5. EVIDENCE—*statement of opinion followed by reasons is not prejudicial.* A statement by a witness against a city that a certain sidewalk was in "poor condition" is not prejudicial as a mere opinion, where the witness afterwards gives as his reasons that the planks were unsound and at least one of them unfastened and thrown out.

6. MUNICIPAL CORPORATIONS—*constructive notice may fix liability for defective sidewalk.* Actual notice is not the only test of liability of a city for a defective sidewalk, as it is chargeable with constructive notice if the sidewalk has been out of repair so long that the city

through its proper officers, in the exercise of reasonable diligence, could have discovered the defects.

7. INSTRUCTIONS—*substantial repetitions of given instructions may be refused.* An instruction may be refused the principle of which is substantially embodied in others given.

8. SAME—*instructions must be based on the evidence.* The refusal of an instruction will be sustained, on appeal, in the absence of any evidence in the record to which the instruction is applicable.

*City of Joliet* v. *Johnson*, 71 Ill. App. 423, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. CHARLES BLANCHARD, Judge, presiding.

This is an action on the case for the recovery of damages for injuries claimed to have been sustained by the appellee in consequence of a fall on a defective sidewalk in the city of Joliet on September 29, 1894. In the trial court, the appellee recovered a verdict for $1500.00, upon which, after overruling a motion for new trial, the court rendered judgment. An appeal was taken from the judgment so rendered to the Appellate Court, where the judgment was affirmed. The present appeal is prosecuted from such judgment of affirmance.

COLL McNAUGHTON, for appellant.

E. MEERS, and J. W. DOWNEY, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The reversal of the judgment in this case is asked upon the ground that there is a variance between the allegations in the declaration, and the proof introduced by the appellee thereunder. The variance complained of is alleged to exist both as to the allegations setting up the cause of the injury, and as to those setting up the character of the injury.

The alleged variance between the statement of the cause of the injury and the proof in relation to the same is based upon the following allegation in the declaration: "The said defendant * * * wrongfully and negligently suffered the same" (sidewalk) "to be and remain in bad and unsafe repair and condition, and divers of the planks, wherewith the sidewalk was laid, to be and remain broken and unfastened, and divers of the sills or stringers, upon which the planks of said sidewalk were laid, to become rotten and decayed," etc. It is said that no proof was introduced to show, that the planks of the sidewalk or any of them were broken. The allegation is, not only that the planks were broken, but that they were unfastened, and also that the sills, upon which they were laid, had been rotten and decayed. There is proof tending to show that some of the boards were unfastened, and were rotten, and that the tripping, which resulted in the fall of appellee, was due to the fact, that one or more of the boards of the sidewalk were unfastened. This was sufficient to justify a submission of the case to the jury, even though there was no proof that any of the boards were broken. It is not necessary in actions for torts, that every allegation of matters of substance should be strictly proved. The statement of the tort is divisible in its nature, and proof of part of the tort or injury is, in general, sufficient to support the declaration. "In torts, the plaintiff may prove a part of his charge, if the averment is divisible and there be enough proof to support his case." (*City of Rock Island* v. *Cuinely*, 126 Ill. 408).

The alleged variance, so far as it has reference to the character of the injury, is based upon the allegation of the declaration, that "the right knee of the plaintiff was then and there dislocated," etc. It is said that there is no proof that the appellee's knee was dislocated by the accident. The proof does show that, in her fall, plaintiff's right knee impinged against a nail or spike protruding from one of the planks of the sidewalk; that the result

was a jagged wound a little above the cap of the right knee, which caused a swelling around the mouth of the wound, and caused the limb to be swollen. The doctor, who dressed the wound and sewed it up, states that it was about an inch and a half long and quite deep, and also says that "there was crepitation of the bone covering of the knee, like if there would be sand under it or ice under it; it would give with the finger so that it was very susceptible and painful; I made examination as to the condition of the veins in that place; the varicose vein in that limb was very much enlarged; it would be an injury to her limb and to her health, because liable at any time to result in hemorrhage." We are unable to say that, under proof of the character thus indicated, there was not in a certain sense a dislocation of the knee. But whether this was so or not, the declaration alleges that, as a result of her fall, the appellee "became sick, lame, disordered and permanently injured." This allegation was broad enough to let in the proof, and was sustained by the proof. We concur with the Appellate Court when they say in their opinion: "The charges were broad enough to warrant, we think, the proof admitted."

Independently however of any of the considerations already advanced, it is well settled that an objection, alleging variance between the allegations and proofs, must be made in the trial court, in order to afford an opportunity to the plaintiff to amend the declaration. Such objection should properly be made at the time the evidence is offered; otherwise it will be waived. (*Probst Construction Co.* v. *Foley*, 166 Ill. 31; *Village of Chatsworth* v. *Rowe*, id. 114). We do not find in the record, that any specific objection was made to any of the offered evidence of the plaintiff, as being variant from the allegations of the declaration. Such an objection on the ground of variance must not be general in its character, but must be sufficiently specific to show wherein the variance consists. (*Probst Construction Co.* v. *Foley*, *supra*).

Objection is also made as to the admission of certain evidence, which the court permitted the appellee to introduce over the objection of the appellant. It is said, that the proof as to the enlargement of the varicose veins should not have been admitted, because there was no complaint in the declaration of any enlargement of the limb. There was no error in the admission of this testimony, because it had reference merely to the results produced by the injury to the knee of the appellee. In describing the character of the injury the physicians referred to such enlargement as a necessary consequence of it. It is not necessary that the declaration should describe in detail all the characteristics and consequences of a wound inflicted by an injury.

It is also objected, that one of the witnesses was permitted to state his conclusions from the evidence, instead of stating facts. One James Hart was called as a witness for the appellee and stated that the sidewalk was in "poor condition." It is claimed that this was a statement of his conclusion or opinion in regard to the matter. But whether this be so or not, no particular harm resulted to the appellant, because the witness states the reasons why the sidewalk was in poor condition. Those reasons were, that some of the planks were not sound, and that at least one of them had been unfastened and was thrown out upon the ground at the point where the injury occurred.

Complaint is also made, that error was committed by the trial court in the giving and modification and refusal of instructions. Appellant asked the court to give an instruction containing the following words: "There is no evidence that the defendant, the city of Joliet, had actual notice thereof," (that is, of the defect).

Appellant contends that the instruction containing this statement should have been given as asked, because there was no evidence that the city had actual notice of any defect in the sidewalk. The court gave the instruction after modifying it. It was so modified as to read as

follows: "Unless the jury believe from the evidence that the city had actual notice of such defective walk, or that the sidewalk in question, at the point where the plaintiff is alleged to have been injured, was out of repair for such a length of time that the city, by its proper officers, in the exercise of reasonable diligence might have discovered the defects existing," etc.   The modification was proper; it states the law correctly.   (*Village of Mansfield* v. *Moore*, 124 Ill. 133;  *City of Sterling* v. *Merrill*, 124 id. 522).

In the second instruction given for the appellee, the following words are used: "The court instructs the jury that this is an action brought by Margareth Johnson against the city of Joliet, claiming damages for an injury sustained by her by falling on a sidewalk," etc.   It is said that by the use of the words, "an injury sustained," the instruction assumes as a fact that the appellee did sustain injury.   The next paragraph of the instruction cured the defect thus indicated, if it was a defect, by leaving it to the jury to find from the evidence whether or not plaintiff was injured.   The second paragraph begins with the following words: "If you believe from the evidence that the plaintiff was injured by falling on said walk by reason of a defect therein, as alleged in her declaration," etc.

Complaint is also made, that the trial court refused to give an instruction asked by the appellant, which stated that, if the jury believed that the injury complained of was the result of an accident, and not the result of negligence of the city, the plaintiff could not recover; and that the city was bound only to the exercise of reasonable prudence and diligence in the repair of its sidewalks, and was not required to foresee and provide against every danger or accident that might occur, and was not an insurer against accident.   We find, upon examination, that the doctrine announced by this instruction was embodied substantially in other instructions which were given; and therefore appellant suffered no injury on account of its refusal.

It is also said that the court erred in refusing to give two instructions asked by the appellant, which stated, in substance, that, if the injury to the appellee was the result of a defective construction of the sidewalk, and not the result of a failure on the part of the city to keep the same in repair, then the plaintiff could not recover. Instructions should be based upon the evidence. We find no evidence in the record, tending to show that the accident resulted in any way from any defect in the original construction of the sidewalk. Some of the witnesses, in describing the condition of the sidewalk, made some reference to the manner in which it was constructed, but these references were only incidental to their statements as to the condition of the repairs upon the sidewalk. The testimony shows that the original sidewalk, as first laid, had been constructed some nine or ten years before the accident. The city itself introduced two witnesses for the purpose of showing, that the sidewalk had been repaired in the spring of 1894 by taking out some of the sills or stringers, which had become rotten or decayed, and putting in new sills or stringers. This testimony, however, did not have reference to the construction of a new sidewalk, but merely to the repairing of the existing sidewalk. The witnesses speak of their work as being in the nature of repairs, and state expressly that all of the old stringers were not taken out. The statement of the declaration, that the appellant suffered the sidewalk to be and remain in bad and unsafe condition, was broad enough to justify the introduction of all the testimony that was introduced in regard to the condition of the sidewalk, or in regard to the nature of the repairs made upon it.

Some other objections of a minor character are urged in reference to the instructions given and the instructions refused; but we do not deem them of sufficient importance to require further notice.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*