## Baltimore & Ohio S. W. R. R. Co. v. Maggie Irwin.

1. MEASURE OF DAMAGES—*For Property Destroyed by Fires Set by Locomotives.*—The measure of damages for meadow and grass land destroyed by fire set by locomotives on railroads is the difference between the land before and after the fire, and that of hay and straw, is the fair cash value of it when destroyed, as shown by the proofs.

2. DAMAGES—*Where $162.80 is Not Excessive.*—Fire from a locomotive engine upon a railroad destroyed fourteen acres of meadow grass growing on the land, three acres of blue grass pasture, ten tons of hay in the stack, one stack of straw and ten fence posts. *Held,* that a verdict for $162.80 was not excessive.

3. VARIANCES—*Questions of, Must Be Raised in the Trial Court.*—All questions of variance between the pleadings and the proofs must be raised in the trial court so that the objection may be obviated by amendment. Such questions can not be raised for the first time in the Appellate court.

**Trespass on the Case,** for damages by fire. Appeal from the Circuit Court of Marion County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

VAN HOOREBEKE & LOUDEN and L. M. KAGY, attorneys for appellant; R. E. HAMILL, of counsel.

JOHN S. STONECIPHER, W. F. BUNDY and FRANK F. NOLE-
MAN, attorneys for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.
This action was brought by appellee against appellant to
recover damages for injury done to appellee's farm and
other property, by fire.

The declaration contains three counts. The first count
alleges that on October 7, 1899, appellee was the owner of
a farm, describing it, situated in Marion county, in this
State, on which was fourteen acres of meadow grass grow-
ing, three acres of blue grass pasture, ten tons of hay in
stack, one stack of straw and ten fence posts. That
appellant operated its railroad on its right of way, along
and adjoining appellee's farm. That appellant failed to
keep its right of way free from dry grass and other com-
bustible matter, and failed to keep its engines in good
repair so as to prevent the escape of fire therefrom, and
failed to handle its engines in a careful and competent
manner along and adjoining appellee's farm, whereby sparks
and brands of fire escaped therefrom and set fire to the dry
grass on appellant's right of way, which spread upon appel-
lee's premises, by means of which the before described
property was burned and destroyed.

The second count is substantially the same as the first
count, except that in the former it is averred that appel-
lant's engines were out of repair, and were improperly
handled, whereby fire escaped and was thrown upon appel-
lee's land, destroying fourteen acres of meadow grass and
three acres of pasture grass.

The third count is also substantially the same as the first.

The plea was not guilty. There was a trial by jury
which resulted in a verdict for appellee for $162.80, and it
was followed by a motion by appellant for a new trial; the
motion was denied and the defendant excepted, and judg-
ment having been rendered on the verdict, defendant has
brought the case here by appeal for a reviewal of the judg-
ment.

After a general statement by counsel for appellant, of

what they deem the substance of the evidence, they sum up the case as follows:

" At the conclusion of the testimony for appellee, appellant moved the court to exclude the evidence from the jury and instruct the jury to find for appellant, which the court refused to do, to which appellant excepted, and again at the conclusion of all the testimony, the motion was renewed and instruction asked to find for appellant, which was again refused and excepted to.

This fairly presents the issue involved in this case and the salient points of the evidence."

We fully agree with the counsel as to the real issue involved in the case, which is, as we understand them, does the evidence in the case and the legitimate inferences to be drawn from it, sustain the finding of the jury, or is it wholly insufficient to uphold such finding?

If it does sustain the finding then the court did not err in refusing the instruction, and on the other hand, if it is insufficient to sustain the finding the judgment should be absolutely reversed.

This, then, leads to an investigation as to what the evidence really was, on which the jury found their verdict.

It is not denied by appellant that appellee's land was burned over and materially injured in value, and her hay, straw and fence posts destroyed by fire that was started in some place, in some manner; but it is denied that the fire started on appellant's right of way, or that weeds, dry grass or other combustible material had accumulated thereon.

It is contended by appellant that the locomotive of defendant that is claimed to have set the fire was fully equipped with the best spark arresters known, and that it was in good order and condition, hence the fire could not have been caused by it.

It appears from the evidence that appellee's farm to which the injury was done lies north of appellant's right of way, and that between the farm and right of way there is a narrow strip of land belonging to a third party, and that this strip was, at the time of the fire, covered with dry weeds and grass.

Appellee did not reside on the land and the testimony on her part seems to have come from disinterested witnesses, and one of them, Perry Warner, testified, as shown by the abstract, as follows:

" I live about a mile from the land by the shortest road. I remember the occasion of the fire—perhaps an hour before it broke out I was on the Vincennes road just two and one-half miles north of the B. & O. S. W. R. R. When the mail train passed me, I was about a half mile from the road going east, and a mile west of the land in question. Before the train passed the right of way was clear. After the train passed I saw volumes of smoke arising at different places between the so-called Cunningham farm and the hill. As I went further east I saw a second volume of smoke and flames crossing over the meadow of Maggie Irwin. The ground is perfectly level. When I first saw the smoke I was in a position where a strip of timber might have clouded my vision for a short time, but when I went further east and came to the school house, I could see where the fire was. I am a practical surveyor and I know the land in question."

Another witness, Lucien Storment, testified as follows:

"I know the land in question. I live about two and one-half miles from it. I remember the occasion of the fire. It was some time about the first of October. I was driving home from Salem and I saw the fire when out in that neighborhood. I was about the Phelps school house when I saw the fire, possibly saw the smoke before, but could not tell where it was until I got to the school house, which is about one-half mile away. The land is level there and you can tell. There was a train passed just before I saw the fire, but don't remember in which direction it was going. I think it was a passenger train. After it passed I saw two fires break out, one on Mrs. Irwin's land and the other a half mile west. The wind was south and Mrs. Irwin's land is south. Her land is about 150 yards from the railroad. There is a strip between her land and the railroad right of way. I was along the road almost every day for a short time before the fire. The road runs along the west line of plaintiff's land · It runs north and south across the railroad. I don't remember exactly how the right of way was, but it was covered with grass, and all grass was dry at that time. I suppose it was the right of way. It was very dry at that time and had been for quite a time."

There was evidence of other witnesses to the same effect,

and there was also evidence that the fire burned the dry grass and weeds on appellant's right of way, and north on appellee's land.

Appellee's evidence shows that about three months before the fire the right of way was cleared off and the weeds and grass burned, but there was no evidence tending to show that the fire was set in any other way than from appellant's locomotive.

We are of the opinion there was abundance of evidence tending to show that the fire was set on appellant's right of way by appellant's locomotive, and that the court did not err in refusing to take the case from the jury.

It is also urged that the court erred in giving appellee's second and fourth instructions. The second because there was no evidence on which to base it. The instruction told the jury that if they believed from the evidence " that the defendant, by its then servants, operated one of its locomotive engines along its said track, near plaintiff's said land, in such a careless and negligent manner that divers sparks and brands of fire escaped from said engine to and upon other lands adjacent thereto, whereby the same was communicated to plaintiff's said land, and said meadow and blue grass was injured or destroyed and said hay and straw burned as charged in plaintiff's declaration, then you should find the defendant guilty."

We are of the opinion there was sufficient evidence before the jury to warrant the instruction.

The fourth instruction told the jury that if they found for the plaintiff, the measure of damages to the meadow and grass land would be the difference between the value of the land before and after the fire; and the measure of damages to the hay and straw was the fair cash value of whatever was shown to be destroyed, if any. We can discover no fault in the instruction.

Complaint is also made that the court refused to give to the jury some of appellant's instructions.

Appellant asked the court to give fifteen instructions and eleven of them were given and the balance refused, and if

some of those refused had correctly stated the law applicable to the case, which they do not, the refusal of them would be no ground for reversing the judgment, as the jury were well instructed in those given.

It is also insisted that the damages assessed by the jury are excessive.

Forty witnesses were sworn and examined in the case, many of them as to the amount of damages appellee had suffered on account of the fire.

It is not strange that the witnesses did not agree as to the amount of damage done the land, and we can not say that the jury were not justified by the evidence in finding the amount they did.

It is also urged as a ground for reversing the judgment, that there was a variance between appellee's declaration and the evidence as to the description of appellee's land and other property claimed to have been injured or destroyed.

That there was a variance is obvious, but appellant did not object to the evidence for that reason; if it had done so, the declaration could easily have been amended and the objection obviated.

The question of variance can not be raised for the first time in this court.   Lynch v. Eimer, 24 Ill. App. 185; Miner v. Reed, 25 Ill. App. 175; Rozet v. Harvey, 26 Ill. App. 558.

We find no material error in the record and the judgment is affirmed.