## Frederick W. Proudfoot v. H. Gudichsen.

1. VARIANCES—*Must be Specifically Pointed Out in the Court Below.*
—The objection of variance between the pleadings and proofs, not pointed out in the court below, can not be raised in the Appellate Court.

2. ESTOPPEL—*By Recitals in an Appeal Bond.*—A party is bound by, and can not contradict the recitals in an appeal bond executed by him.

**Debt,** upon an appeal bond. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed June 23, 1902.

A. G. ANDERSON, attorney for appellant.

DENEEN & HAMILL, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment for $202.82 damages, in an action of debt on an appeal bond by appellee against appellant, who executed the bond. The cause was tried by the court without a jury. During the trial the declaration was, by leave of the court, amended. Appellant, by his attorney, introduced in evidence a certified copy of an appeal bond, and admitted that the original, of which the evidence introduced was a copy, was executed by him.

It is recited in the condition of the bond that H. Gudichsen, October 1, 1897, recovered before John K. Prindiville, justice of the peace, a judgment against Louis A. Proudfoot for the sum of $157.50 and costs, and the bond contains the usual condition for prosecuting the appeal with effect, etc. It is signed and sealed by appellant and Louis A. Proudfoot. It is not claimed that the damages assessed are excessive. Appellant pleaded *nil debet* and *non est factum* verified. A demurrer to the former plea was sustained. Appellant's admission of the execution of the bond relieved appellee of the necessity of proving appellant's signature, but still left to appellant the defense of variance between the bond and the amended declaration, if any. Appellant

objected, generally, that there was a variance between the bond and the declaration, but failed to point out specifically what such variance was, which was necessary to entitle him to avail of variance here, if any. City of Joliet v. Johnson, 177 Ill. 178, 181.

Exception was taken to the refusal of the court to allow appellant to file additional pleas when the declaration was amended. It does not appear that appellant presented any pleas to be filed, or that he asked for time in which to prepare any, and we can not perceive that any plea which he might have filed, after the introduction in evidence by him of the bond, could have availed him. He is bound by and can not contradict the recitals in the bond (2 Am. & Eng. Ency. of Law, p. 464), and its introduction in evidence by him was almost equivalent to a confession of judgment.

The record shows no defense to the action, and the judgment will be affirmed.