## West Chicago St. R. R. Co. v. Frederick Lups.

1. PLEADING—*Unnecessary Particularity in—Proof.*—The rule that when facts are alleged with unnecessary particularity it is incumbent on the party alleging them to prove them, is limited to statements material and relevant.

2. VARIANCE—*Objections on Account of—Waiver of.*—A person wishing to take advantage of a variance between the allegations and the evidence must make his objection in the trial court, pointing out specifically in what the alleged variance consists, so that the opposite party may, if necessary, amend his pleading; otherwise he will, on appeal, be deemed to have waived the objection.

3. MEASURE OF DAMAGES—*Mental Suffering in Personal Injury Cases.*—An instruction in a personal injury case informed the jury that they might consider to what extent, if any, the plaintiff had endured physical and mental suffering as a material and inevitable result of his injury. *Held*, that the instruction was proper, and that the reference to mental suffering as limited was warranted by the law.

4. TRIALS—*Instructions in Personal Injury Cases as to Future Suffering.*—In a personal injury suit where the evidence shows that the plaintiff was seriously injured, an instruction informing the jury that they may consider what, if any, effect his injuries may have in the future, in respect to pain and suffering, is not objectionable as assuming a probability of future pain and suffering.

5. SAME—*Instructions to Find for Defendant—Waiver of Requests for.*—A defendant, by introducing evidence on the merits, waives the right to complain of a refusal of the court to instruct the jury to find the defendant not guilty at the close of the plaintiff's evidence and by asking a large number of instructions on the merits he waives the right to complain of a refusal of the court to give a similar instruction at the close of all the evidence.

6. INSTRUCTIONS—*Repetitions of the Same Proposition.*—An instruction which is a mere reiteration, in different form, of prior instructions is properly refused.

7. SAME—*Frequent Repetitions of the Words, " You Should Find the Defendant Not Guilty," Improper.*—The frequent repetition of the words, " You should find the defendant not guilty," in a single instruction, is liable to induce in the minds of the jury an impression that the court favors a verdict of not guilty, and renders the instruction subject to just criticism.

8. STREET RAILWAYS—*Attempt to Board a Moving Car Not Negligence per se.*—A person who attempts to board a cable or electric car while in motion can not be held to be guilty of negligence, as a matter of law, and to have assumed responsibility for any injuries he may receive.

9. DAMAGES—*Twenty-five Hundred Dollars Held Not Excessive in a*

West Chicago St. R. R. Co. v. Lups.

*Personal Injury Case.*—In a personal injury suit in which a judgment for $2,500 has been rendered the court discusses the evidence, and declines to reverse the judgment on the ground that the damages are excessive.

**Trespass on the Case,** for personal injuries.  Appeal from the Circuit Court of Cook County; the Hon. Edmund W. Burke, Judge, presiding. Heard in this court at the October term, 1897.  Affirmed.  Opinion filed March 3, 1898.

Alexander Sullivan, attorney for appellant; B. F. Richolson, of counsel.

Where facts are alleged with unnecessary particularity, they must, notwithstanding, be proven as alleged.  Wabash W. Ry. Co. v. Friedman, 146 Ill. 583; City of Bloomington v. Goodrich, 88 Ill. 558; Bell v. Senneff, 83 Ill. 122; Davidson v. Johnson, 31 Ill. 523; Moss v. Johnson, 22 Ill. 633; Chicago, B. & Q. R. R. Co. v. Morkenstein, 24 Ill. App. 128; 1 Chitty Pl. 227; Stephens Pl. 236–7; Starkie Ev. 570, 572, 389; 1 Greenleaf Ev., Sec. 58; Derragon v. Village of Rutland, 58 Vt. 128.

An instruction should not submit facts of which there is no evidence; for telling the jury if they believe from the evidence a certain fact, is equivalent to telling the jury there is evidence tending to prove that fact.  Indianapolis & St. L. R. R. Co. v. Miller, 71 Ill. 463; Lake S. & M. S. Ry. Co. v. Parker, 131 Ill. 557; Chicago, B. & Q. R. R. Co. v. Morkenstein, 24 Ill. App. 128.

If the appellee took the chances of getting aboard the car before it stopped, and got hurt, can he still be allowed to recover?  We think not.  Sterling Bridge Co. v. Pearl, 80 Ill. 251; Blanchard v. Lake S. & M. S. Ry. Co., 126 Ill. 416; Wharton on Neg., 2d Ed., Sec. 424; New Jersey Ex. Co. v. Nichols, 33 N. J. L. 434; O'Brien v. Philadelphia, etc., R. Co., 3 Phila. R. 76; Wilds v. Hudson River R. R. Co., 24 N. Y. 432; Illinois C. R. R. Co. v. Beard, 49 Ill. App. 232; Illinois C. R. R. Co. v. Hall, 72 Ill. 222; Simmons v. Chicago & T. R. R. Co., 110 Ill. 340; City of Peoria v. Walker, 47 Ill. App. 182; Beach on Contrib. Neg., Sec. 12; Brown v. Broadway & S. A. R. R. Co., 50 N. Y. Super. 108; Miller v. St.

Paul C. Ry. Co., 42 Minn. 454; Morris v. Lake Shore & M. S. Ry. Co., 42 N. E. R. 579; Rose v. West Phila. R. R. Co., 12 Atl. R. 78; Smith v. Maine C. R. R. Co., 87 Me. 339.

Appellee, having taken doubtful chances, will not be heard to complain of his failure to escape. McClain v. Brooklyn City R. R. Co., 116 N. Y. 459.

A. B. Chilcoat, Theodore G. Case and W. P. Black, attorneys for appellee.

It is not the law in this State that it is negligence *per se* for a passenger to attempt to board a moving street railroad car, as contended by counsel for appellant. The rule which has been applied to steam railroads by our Supreme Court does not apply in the case of street railways moved by a motive power of either horses or electricity or cable. There was therefore no ground for giving the instruction asked by the appellant at the close of plaintiff's case in the trial court, and again, when the testimony was all in, to require the jury to find a verdict for the defendant. Cicero & Proviso St. Ry. Co. v. Meixner, 160 Ill. 320.

If the appellant desired to take any advantage of any variances between the evidence given at the trial and the allegations of the declaration as to the number of the car, it should have been done at the time the evidence was offered, otherwise it waived the point. The record wholly fails to show that any objection of that kind was made at the time. Moreover, there was no substantial variance between the proof and the declaration. The number of the car is of no consequence to the issues in the case. Village of Chatsworth v. Rowe, 166 Ill. 114.

The instruction which was asked at the close of the plaintiff's case, for the court to instruct the jury to find the defendant not guilty, was waived by the defendant's introducing its evidence. Joliet, A. & N. Ry. Co. v. Velie, 140 Ill. 59.

The instruction requested by the appellant at the close of the entire evidence was properly refused, for the obvious reason that the evidence was conflicting, and the questions

involved were purely questions for the jury. Chicago & Alton R. R. Co. v. Anderson, 166 Ill. 572; West Chicago Street Railway Co. v. Whittaker, 72 Ill. App. 48.

It is well settled in this State that it is the duty of the persons in charge of a car to know whether one is in the act of getting on the car, and not to permit the car to be started in such a manner as would be liable to injure him. That is a duty which the servants of the appellant owe to the public. North Chicago St. R. R. Co. v. Cook, 145 Ill. 551; Cohen v. West Chicago St. R. R. Co., 60 Fed. Rep. 702.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant for alleged negligence in not keeping its cars in a safe condition and not properly managing and controlling the same, by reason whereof he was injured. The trial resulted in a verdict for appellee, his damages being assessed at the sum of $5,000, of which amount $2,500 was remitted by plaintiff, and judgment was rendered for $2,500. The declaration, after averring that appellant was the owner of and operated the car in question, etc., proceeds as follows:

"And that the said defendant did not keep its said car in good and safe repair and condition, but carelessly and negligently suffered, or permitted, one of the upright rods on one of the posts on said car, which is used for a handle in getting upon or off of said car, to become and remain loose so as to turn around, when grasped with the hand.

And that on the day and year aforesaid, at the place aforesaid, plaintiff was desirous of becoming a passenger on car No. 1778, and signaled the gripman on grip car No. 1782, which was drawing trailer No. 1778, to stop the cars for him; and that said cars were slackened, or slowed as though to stop, and he, the said plaintiff, with all due care and without any fault upon his part in that behalf, caught hold of the upright rod or handle aforesaid, and stepped upon the footboard of said car, when through the gross negligence of the said defendant, the said cars were started

up suddenly and with a jerk, and the said handle turned around, thereby causing him to lose his balance and fall in such a manner that he fell between the said cars and was dragged fifty feet, and received great and serious injuries, as follows: the right side of head seriously bruised; right ear almost torn off, so that it had to be removed entirely, together with other serious bruises about his head and shoulders, whereby he became sick, sore, lame and disordered, and so remained from thence hitherto; thereby permanently injuring said plaintiff."

The appellant pleaded the general issue. Appellee, by his counsel, makes the following objections: First, that the proof is that appellee became a passenger on grip car 1782, and not on trailer 1788, whereas the declaration alleges that he caught hold of the upright rod or handle and stepped on the footboard of the latter car. In support of this contention a large number of cases are cited to the effect that when facts are alleged with unnecessary particularity, it is incumbent on the party alleging them to prove them. This rule is limited to statements material and relevant. 1 Chitty on Pl. 228.

Conceding that there was a variance between the allegations and the evidence, as claimed by counsel, no advantage of it can be taken here, because the attention of the trial court was not specifically called to it in any way, either on the trial or as a cause for a new trial.

One of the grounds in the written motion for a new trial is as follows:

"The court erred in overruling defendant's motion to strike out the evidence given on behalf of plaintiff because of a variance between the same and the allegations of the declaration." But it does not appear from the abstract that any motion was made on behalf of appellant to strike out any particular evidence because of a variance. The only motion to strike out evidence was a general motion, made at the close of plaintiff's case, to strike out all of the plaintiff's evidence. A party, to avail of a variance between the allegations and the evidence, must make his objection in the

trial court, pointing out specifically in what the alleged variance consists, so that the opposite party may, if necessary, amend his pleading; otherwise he will, on appeal, be deemed to have waived the objection. St. Clair County Ben. Soc. v. Fietsam, 97 Ill. 474; Chicago, R. I. & P. Ry. Co. v. Clough, 134 Ill. 586; Richelieu Hotel Co. v. International Mil. Encampment Co., 140 Ill. 248; Chicago & A. R. R. Co. v. Byrum, 153 Ill. 131; Murchie v. Peck Bros. & Co., 160 Ill. 175; Probst Const. Co. v. Foley, 166 Ill. 31.

Mackay, a witness for plaintiff, who testified that he helped to lift up appellee after he fell from the car, said: "I remember his coat; it was blue and muddy." Upon a coat being exhibited to the witness, he was asked: "State whether or not, in your opinion, was that the coat?" To which question an objection by appellant was overruled, and the witness answered: "To the best of my opinion, it is the coat, your honor." The objection is, that the question called for the opinion of the witness. While it would have been more in accordance with the rules governing the examination of witnesses to have asked the witness whether that was the coat, we can not say that the appellant was prejudiced by the evidence. The answer of the witness was merely equivalent to saying that he believed it was the coat; and on cross-examination, he said that he would not say positively that it was, but that to the best of his belief it was the coat appellee wore at the time of the accident, and that he had seen him wear a similar coat before the accident.

Appellee, who certainly ought to know his own coat, testified that the coat was the one he wore at the time of the accident, and there was no evidence to the contrary.

The court gave to the jury, at appellee's request, the following instruction:

"If you find from the evidence that the plaintiff is entitled to recover, as alleged in his declaration, then, in estimating the plaintiff's damages, you may take into consideration his health and physical condition prior to the injury, and also his health and physical condition since then, if you believe,

from the evidence, that his health and physical condition since then is impaired, as the results of such injury; and you may also consider whether or not he has been permanently injured, and to what extent; and also to what extent, if any, he has been injured or marred in his personal appearance; and to what extent, if any, he may have endured physical and mental suffering as a natural and inevitable result of such injury; and also any necessary expenses he may have been put to in and about caring for and curing himself; and you may consider what, if any, effect such injuries may have upon him in the future in respect to pain and suffering; and you should allow to him as damages such sum as, in the exercise of a sound discretion, you may believe, from all the facts and circumstances in evidence, will be a fair and just compensation to him for the injuries so sustained."

Appellant's counsel contend that this instruction is erroneous in so far as it relates to mental pain and suffering, and also in so far as it relates to future pain and suffering. The instruction informed the jury that they might consider to what extent, if any, appellee may have endured physical and mental suffering as a material and inevitable result of his injury, etc. This was proper. In Hannibal & St. J. R. R. Co. v. Martin, 111 Ill. 219, and City of Chicago v. McLean, 133 Ill. 148, instructions of a similar character, but more favorable for the plaintiffs than the instruction in question is for appellee, were held unobjectionable. Counsel make the further objection that the instruction assumes that there was evidence of a probability of future pain and suffering. There was evidence that appellee was seriously injured, and the instruction merely informed the jury that they might consider what, if any, effect his injuries might have in the future, in respect to pain and suffering, which, in our opinion, was proper.

Counsel for appellant, at the close of appellee's evidence, and also at the close of appellant's evidence, requested the court to instruct the jury to find appellant not guilty, which requests were refused, but appellant, by introducing evidence on the merits, waived all right of exception to the

refusal of the first request (West Chicago St. R. R. Co. v. McCallum, 169 Ill. 240), and by asking a large number of instructions on the merits, waived the same right in respect to the refusal of the second request.   Chicago & N. W. Ry. Co. v. Delaney, 169 Ill. 581.   And even though the right had not been so waived, it would not avail appellant.

The court gave, by appellant's request, some twenty-two instructions, but refused to give appellant's instructions numbered, respectively, 36 and 37.   Instruction 36 is as follows:

" 36.   If, after a fair and impartial consideration of all the evidence in this case, you find that it preponderates in favor of the contentions of the defendant, viz., that the plaintiff did not fall because of the car being suddenly and violently started, you should find the defendant not guilty; or that the plaintiff did not exercise that care for his safety which, from the evidence and under the instructions of the court, you find he should have exercised, you should find the defendant not guilty; or if after such consideration of all the evidence you are unable to say on your oaths whether the fall of plaintiff was caused by the car being suddenly and violently started, or from some other cause, you should find the defendant not guilty; or whether the plaintiff was in the exercise of that care which, from the evidence and under the instructions of the court, you find he should have exercised, you should find the defendant not guilty."

Every element contained in the instruction is contained in other instructions given for appellant.  By the 35th instruction the jury were instructed that unless they found from the evidence that appellant was guilty as charged in the declaration, their verdict should be not guilty; by the 33d, that if the preponderance of evidence did not show that appellee fell by reason of the car being suddenly started, their verdict should be not guilty; by the 34th and 35th, that unless they found from the evidence that the appellee exercised ordinary care, their verdict should be not guilty; and by the 31st, that unless appellee had established his case by a preponderance of evidence, he could not recover;

and that if the jury were in doubt and unable to say on which side the preponderance of evidence was, the verdict should be not guilty. The instruction being a mere iteration, in different form, of prior instructions, it was properly refused. It is also obnoxious to criticism on account of the frequent repetition of the words " you should find the defendant not guilty." Such iteration and reiteration of those words in a single instruction, might induce in the minds of the jury the impression that the court would favor a verdict of not guilty. The 37th instruction is in respect to the care which appellee was required to exercise, a subject amply covered by prior instructions.

Appellant's counsel state their next point thus: "Was there sufficient evidence upon which such a verdict, or, in fact, any verdict, could be based? We think not." If this means that the evidence was not sufficient to support the appellee's case, as stated in his declaration, we differ with counsel. The evidence is quite voluminous, and it would serve no useful purpose to lengthen out this opinion by discussing it in detail. It is sufficient to say, that having examined it carefully, we are unable to say that the verdict is manifestly against the weight of the evidence. We fully appreciate that strong reasons can be urged in support of the proposition that a person who attempts to board a cable or electric car while in motion, is negligent, and should be held to have assumed the risk of so doing, but such is not the law of this State (Cicero and P. St. Ry. Co. v. Meixner, 160 Ill. 320), and our province is limited to declaring the law as it is.

Finally, it is urged that the judgment is excessive. The accident occurred September 4, 1894. The appellee fell from the car and was dragged some distance; what distance is variously estimated by the witnesses; the middle portion of his external right ear was torn through, and became gangrenous, and subsequently had to be removed altogether. A physician who examined appellee at the time of the trial testified: "I first saw the plaintiff in this case this morning, and I made an examination of his right ear; I discovered

that he had lost the lobe of the right ear from some cause or other; that the tearing away of the ear had produced a certain amount of cicatrized tissue there and had distorted the canal of the ear somewhat; the internal portion of his ear, the lower portion of it, was impacted with wax, apparently where the drum should be, which it was impossible for me to remove, and that he was very hard of hearing. The tearing away of the ear had produced contraction and a change in the shape of the ear, so that the ordinary movement in which wax is removed from the ear made it impossible for the ear to clear itself of the wax; the ear did not seem to be able to work the wax out as it ordinarily does. In a case where the wax is so thoroughly impacted as it is now, the man could not hear."

Appellant complained to his physician, shortly after the accident, of his shoulder and arm. He testified that prior to the accident his hearing and health were good, but both have become impaired since then; also that since the accident he has suffered and still suffers from pain in his head and arm, as a result of his injuries. He was treated for his injuries by a physician for five months, and apparently was not able to be out until January 1, 1895, about four months after the accident, when he says he walked out a little. We would not feel warranted in reversing the judgment on the ground that it is excessive.

The judgment will be affirmed.