## Griffin Wheel Co. v. Ernest Markus.

1. LIMITATIONS—*Application of the Statute to Additional Counts.*— Where the additional count to the declaration sets up no new cause of action, but alleges the same relation of master and servant between the parties, the same neglect of duty and consequent injury, as in the original declaration filed within the two years, a demurrer to the plea of the statute of limitations thereto is properly sustained.

2. DAMAGES —*Instructions Fixing the Measure of, in Actions for Personal Injuries.*—In an action for trespass on the case for personal injuries, an instruction that the jury should allow plaintiff as damages, such sum as in the exercise of a sound discretion they may believe from all the facts and circumstances in evidence will be a fair and just compensation to him for the injuries sustained, is proper.

3. INSTRUCTIONS—*Directing the Attention of Juries to Facts Not Controlling.*—An instruction which specially directs the attention of the jury to a fact not controlling, but in its nature argumentative rather than instructive, is properly refused.

Trespass on the Case, for personal injuries. Trial in the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed November 16, 1898.

Griffin Wheel Co. v. Markus.

This suit was brought by appellee to recover damages for personal injuries which resulted from the falling of a door in the foundry of appellant. The declaration contains two counts, one of which was filed by leave of court after the cause was upon trial. To this latter count a plea of statute of limitations was interposed, to which a demurrer was sustained. The first count in effect charges negligence of appellant in permitting a door to be imperfectly and defectively hung, which, by reason thereof, fell upon appellee, who was an employe of appellant, and injured him. The second or additional count charges negligence in that the foreman of appellant negligently ordered the appellee to open the door while it was improperly hung and in a dangerous condition, of which the foreman had knowledge, etc.

It appears from the evidence that appellee was a laborer in the foundry of appellant. The door which, by falling, caused the injury, was a heavy sliding door, which weighed 1,500 pounds or more. It was hung upon an iron rail, and there were rollers or wheels attached to the top of the door to permit it to roll laterally when opened or closed. Some of these wheels or rollers had become displaced from the rail. There was no appliance to keep the rollers in place and prevent such displacement; nor was there any evidence by appellee in presenting his case in chief, to the effect that any such appliance would be possible and practicable. The evidence presented by appellant tended to show that this door was constructed as such doors were ordinarily made. A model was introduced in the evidence by appellee. It was shown that there were two blocks of wood used for protection, to guide the door forward and back. Ballard, the foreman of appellant, testified: "That door was constructed and hung in the usual and ordinary way of constructing and hanging doors of that kind. I don't know that there was any defect in the construction and hanging of the door. I should say the door was hung properly, and these wooden guides were put there until we · could get time to put an iron shield there. There was another mode of protecting that, by putting on iron straps

só as to keep it on the track, so that it was impossible for them to get off. This is the way those doors are ordinarily put up."

Two witnesses, called in rebuttal by appellant, testified that the door at the time of the injury was not as represented by the model. One of them, Meyers, testified as follows:

"Q. Now look at the model, and tell us whether this piece I now indicate was upon that door or alongside the door at or before the accident? A. No, sir; no such piece there at that time."

Nothing in the record discloses what piece of the mechanism was referred to by question or answer. Appellee testified that he did not know of the defective condition of the door. A witness for appellant, Jones, testified that four days before the accident he said to Walsh, whom he designated as general repair foreman, "that door has to be fixed or somebody will be killed." The same witness testified that he had a conversation before the time of the injury with Smith, who was foreman in the foundry; that he told Smith about the door, and that Smith replied that he had told Walsh about it. The testimony of this witness was in part as follows:

"I wanted to shut the door about four o'clock in the afternoon and two of the four rollers came right down from the rail and the door hung then. The rollers came off the rail. I spoke to Mr. Walsh and Mr. Smith concerning what happened to me at the time I was opening the door. This was before the accident to Markus." He also testified: "After I used the door, four days before, it was not repaired in any way. There was nothing on top of this rail at the top of the door to prevent the wheels from going off."

Both this witness, Jones, and appellee, testified that Smith, the foreman, ordered appellee to help open the door; and that he did so order is not denied, except by Bruski, who does not appear to have been in a position to know whether such an order was given or not. Smith was not called as a witness. While helping two other laborers, viz., Bannack and Bruski, in obedience to the order of the fore-

man, the appellee was struck by the falling door and severely injured.

On behalf of appellant Bruski testified that Smith did not order appellee to assist in opening the door; that appellee volunteered so to do at the request of Bannack, another laborer, and, in effect, that appellee caused the door to fall by prying it upward with a crow-bar. This witness also testified that he warned appellee that the door would fall if he lifted it so high. In this, however, he is not corroborated by Bannack, who also assisted at the door, or by Arndt, who stood only five or six feet distant from the door, each of whom was a witness on behalf of appellant. The two latter witnesses corroborate Bruski in that appellee was working at the door with a crow-bar, but neither testified to any warning by Bruski. Appellee denied that any such warning was given. He also denied that he had any crow-bar or did anything except shove or push the door with the other laborers.

Two physicians, Dr. Moyer and Dr. Plecker, testified to the extent of the injuries. Each said, in substance, that appellee had sustained injury of the spine, and that his disease was known as *locomotor ataxia* and was incurable. Dr. Moyer said, "He will never get any better. * * * He will be quite helpless in two or three years to a certainty." There was evidence tending to show that he was fairly healthy before the injury.

The jury found a verdict in favor of appellee and assessed his damages at $6,000.

SCHUYLER & KREMER, attorneys for appellant; D. J. SCHUYLER, of counsel.

CASE & HOGAN, attorneys for appellee; A. W. BROWNE, of counsel.

MR. JUSTICE SEARS delivered the opinion of the court.

The undisputed facts are that appellee, while in the employ of appellant, was injured by the falling of a door which

operated defectively, and that Smith, the foundry foreman, knew of this condition. Appellee testified that he had no knowledge of this defective condition. It is established by the testimony, of two witnesses and denied only by one, Bruski, who does not appear to have had opportunity of knowing absolutely, that the foreman, Smith, ordered appellee to aid the two other laborers in forcing the door open. Appellee testifies that no warning as to the dangerous condition of the door accompanied this order. In this he is not contradicted. The jury were warranted, upon this state of facts, in finding that there was negligence in the conduct of appellant in ordering, through Smith, its vice-principal, the appellee to attempt this dangerous work without any warning as to the peril of which the vice-principal had specific knowledge. It can not be maintained, as urged by counsel, that Smith was not a vice-principal of appellant. All the evidence goes to show that he was a foreman to whom appellee owed obedience. Nor was it very seriously disputed at the trial; for the court said, while counsel were discussing the position of Walsh as that of a fellow-servant or vice-principal, "You have shown here a vice-principal in the person of Smith;" and further, "The trouble is, you have shown a vice-principal here in the person of Smith; all you have shown about this man Walsh is he was a repair man." No exception was taken to these statements. Two witnesses called by appellee and three called by appellant speak of Smith as the foreman, or as a general foreman. Ballard, called by appellee, testified that he was a foreman, and that appellee "was under directions between Smith and myself; some mornings he was under Smith."

Evidence was introduced by appellant to show that Ballard was foreman in one end of the foundry, that Smith was foreman in the other end, and that it was in the end controlled by Ballard that the order was given by Smith to appellee. We are unable to view this distinction as of any weight. It is established that appellee worked under the orders of both, and a relation of foreman and servant was shown by reason of which appellee would naturally yield

obedience to the command of Smith wherever given in the works.

If the jury had credited the testimony of Bruski to the effect that he warned appellee that by prying the door up too high he would cause it to fall, and that appellee did so pry up the door, then they might have found appellee was guilty of contributory negligence. But in order to credit that testimony they would have been obliged to discredit that of appellee and to have reconciled the seeming incon-sistency in the fact that neither Bannack nor Arndt, who were close at hand, and each of whom was called as a wit-ness by appellant, say anything of any such warning. We think that upon the whole evidence the jury were warranted in finding that appellee was not chargeable with negligence contributing to his injury.

It is urged that the verdict is excessive in amount. If the injuries sustained by appellee are such as testified to by him, and the results as serious as stated by the expert wit-nesses called in his behalf, the verdict is not too large. Two experts testified on behalf of appellant that the inju-ries were not serious, but we can not say that the jury were not warranted in finding that appellee and the physicians called by him were entitled to be credited in this behalf, and that their testimony constituted a preponderance of all the evidence.

The most serious question raised upon this record, is as to the action of the court in sustaining a demurrer to the plea of the statute of limitations to the additional count of the declaration.

But after a careful comparison of the two counts, and in the light of the recent decisions, we are inclined to the view that the one is but a restatement of the cause of action set up by the other. The gist of the negligence charged in the original count is the furnishing of a defective appli-ance, viz., the door, for appellee, its employe, to use; and the gist of the negligence charged in the additional count is the ordering of appellee, its employe, to use a defective appliance, viz., the door in question.

It was said by the Supreme Court in Chi. & N. W. Ry. Co. v. Gillison, 173 Ill. 264, "The additional count set up no new cause of action, but alleged the same relation of master and servant between the parties, the same neglect of duty and consequent injury, as in the original declaration filed within the two years." We think that the same may be said of the two counts here in question.

It is contended by counsel for appellant that the trial court erred in admission and exclusion of evidence. We pass upon such rulings only as are specifically complained of in the briefs.

It is objected that the court erred in permitting the witness Jones to testify to his conversations with Smith and Walsh as to the dangerous condition of the door, because, it is argued, it was not shown that either was a vice-principal so that a notice to him would be notice to the appellant. We have already noted that the evidence establishes that Smith was such a vice-principal. Walsh testified, "At that time I was yard foreman for the Griffin Wheel Company. Inside the foundry I had nothing whatever to do except on general repairs, whenever I had an order issued from the office. I looked after, in the foundry, all repairs coming under carpentry, construction carpentry work, wood work." In view of this evidence we are of opinion that it was not error to permit the witness to state his notification to Walsh, and, if so, then it was not error to admit the entire conversation, including the reply of Walsh.

It is complained that the same witness was permitted to state the trouble which he had with the door previous to the time of the injury. But this testimony was so connected with the notice to Smith and Walsh as to render it competent. The witness said: "I spoke to Walsh and Smith concerning what happened to me at the time I was opening the door."

It is complained that an answer to the following question asked of an expert witness was excluded:

"Q. Now, I will ask you, supposing this block was present at the time of this accident, as it is represented by

this model, in that situation, whether that would be sufficient and ordinary protection to that door to keep it from swinging backward and forward?"

But the question was afterward answered to this extent: "That block as placed upon the sill of that door was the usual and ordinary way of providing one of the means of preventing this door from swinging. That was an ordinary way of doing it."

The question was thus answered so far as any answer could be competent, for the opinion of the witness as to the sufficiency of the protection was not competent.

It is contended that the court erred in giving one instruction for appellee and in refusing three and modifying one of the instructions offered by appellant.

The following is the portion of the instruction given for appellee to which the objection applies: "and you should allow to him as damages such sum as in the exercise of a sound discretion you may believe from all the facts and circumstances in evidence will be a fair and just compensation to him for the injuries sustained."

It is urged that the jury should not have been told that the award of damages was a matter resting in their discretion. But the use of the term "sound discretion" is so limited by and confined to the belief based upon all the facts and circumstances in evidence, that we regard it as not misleading. A like instruction was approved in West Chicago St. R. R. Co. v. Lups, 74 Ill. App. 420.

Instruction No. 8, offered by appellant, was properly refused, as it was substantially included in another which was given.

The 19th instruction was properly refused because it specifically directed the attention of the jury to a fact not a controlling fact, and was in its nature argumentative rather than instructive.

The modification of the 15th instruction by the court was proper. The instruction as proffered was, in substance, as follows: that if the jury believed from the evidence that the door of defendant's foundry was constructed and hung

in the usual and ordinary manner, and as such doors are constructed and hung, and that said door at the time of the accident was not out of repair, but that one of the wheels on the same was off the rail upon which it ran, and that this fact was not known to the foreman of the foundry, or any officer of the defendant, then there was no negligence on the part of the defendant in said door being in said condition. The court modified it by inserting, "and such lack of knowledge was not due to any negligence on his or their part, *i. e.*, on the part of the foreman or the officers of the defendant."

If four days before the injury Jones informed Smith, the foreman, of the defective condition, and the condition remained unchanged up to the time of the injury, then any lack of knowledge on the part of the foreman as to the condition on the day of the injury might be attributed to his own negligence in not heeding the notice received. It was proper that the jury should be so instructed by this modification.

The 19th instruction offered by appellant and refused, was sufficiently included in the 13th instruction given.

The judgment is affirmed.